UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEANNA MATHEWS<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.<br><br>Defendant. | Case No. 2:20-CV-04033-NKL |

**ORDER**

Pending before the Court is Defendant Wal-Mart Associates, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 12. For the reasons stated below, Defendant's Motion is granted. Plaintiff's request for leave to amend her complaint is also granted.

I. BACKGROUND

Plaintiff Deanna Mathews has been an employee at Defendant Wal-Mart for twenty-eight years and has been a store manager for the last eight years. According to her Complaint, Mathews' immediate supervisor, Market Manager Marsha Heissler, and the store's Regional Vice President, Terry Nannie, discriminated against Mathews on the basis of her sex and her age. Doc. 1-2 (Complaint). Mathews claims that all discriminatory acts were directed by Nannie. *Id*. at ¶ 8.

Mathews alleges that examples of the discriminatory conduct include a February 2016 statement by Nannie to Mathews that she "needed to be knocking it out of the park like those

1

young guys in Columbia." *Id*. at ¶ 10(a). Mathews claims that "only 20 of the 130 stores in Nannie's market are managed by females." *Id*. at 10(b). Mathews also alleges that Nannie "will have multiple interactions with young male store managers while ignoring Plaintiff and other female managers" which Mathews and other employees believe to be "discriminatory as to female and older managers." *Id*. at ¶¶ 15–17.

Mathews was also subject to "baseless coaching decisions and poor evaluations based on not meeting the metrics for Wal-Mart stores," *id*. at ¶ 11, and she was the only manager to be subject to these decisions despite the fact that "many other stores also received the same or worse metrics," *id*. at ¶ 13. After a poor evaluation in November 2018, Plaintiff "voiced opposition to the results because the same issues that led to Plaintiff's 'coaching' and 'discipline' were present and occurring in other stores, even to a greater extent, and the evaluation was reversed." *Id*. at ¶ 12. She "continued to receive illegitimate coaching and evaluations through January and April of 2019." *Id*. at ¶ 14. She claims that "age and sex are motivating factors to the discriminatory actions of Wal-Mart as alleged herein." *Id*. at ¶ 18.

On May 31, 2019, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission. Doc. 1-2, pp. 10–11. On December 3, 2019, the MCHR issued Mathews her Right to Sue letter informing her of her right to pursue independent legal action within ninety days.[1] *Id*. at pp. 12–13.

Mathews filed her Complaint on January 14, 2020 in the Circuit Court of Cole County,

---

[1] When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, the Court may consider materials necessarily embraced by or attached as exhibits to the Complaint. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Here, Plaintiff has attached her charge of discrimination filed with the MCHR and the notice of right to sue as exhibits to her Complaint. Therefore, the Court may consider these in ruling on the motion to dismiss.

Missouri, and Defendant removed the case to federal court on February 28, 2020. Mathews' Complaint alleges two counts of discrimination. Count I for "Discrimination/Sex" alleges that Wal-Mart engaged in unlawful employment practices in violation of the MHRA "in that Plaintiff was subject to a hostile environment of sex discrimination which Defendant was aware of and failed to stop or prevent." *Id*. at ¶ 25. Count II for "Discrimination/Age" alleges that Wal-Mart engaged in unlawful employment practices in violation of the MHRA "in that Plaintiff was subject to age discrimination." *Id*. at ¶ 34.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a court accepts the factual allegations contained in the Complaint as true, and liberally construes the allegations in favor of the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Although "it is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage," "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

## III. DISCUSSION

As an initial matter, from the face of her Complaint and in light of her Suggestions in Opposition to Defendant's motion to dismiss, it is unclear whether Mathews is alleging sex and/or age discrimination claims based on a specific adverse employment action, sex and/or age

3

hostile work environment claims, or a combination of both. *See Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 731 (Mo. Ct. App. 2014) (the MHRA prohibition on employment discrimination "includes within its scope discrete claims of discrimination based on a specific adverse employment action and generalized claims of discrimination based on a course of conduct. The latter category of claims is frequently referred to as discriminatory harassment," which includes hostile work environment claims).

Count I of Plaintiff's Complaint for "Discrimination/Sex" states that "Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., et seq in that Plaintiff was subject to a hostile environment of sex discrimination which Defendant was aware of and failed to stop or prevent." Doc. 1-2, ¶ 25. Count II of Plaintiff's Complaint for "Discrimination/Age" does not allege that she was subject to a hostile environment as a result of age discrimination, but rather alleges that "Defendants engaged in unlawful employment practices as set forth herein, against Plaintiff in violation of Chapter 213 RSMo., *et seq* in that Plaintiff was subject to age discrimination." *Id*. at ¶ 34. In its motion to dismiss, Defendant appears to have assumed that Mathews intended to allege both claims under both protected bases and moves to dismiss both types of claims. In her response, although Mathews cites to the standard for age and/or sex discrimination, requiring an adverse employment action, she then asserts that an adverse employment action is unnecessary if she can show that she was subject to a hostile work environment. In an effort to "liberally construe[] the allegations in favor of the plaintiff," the Court will assume that she has intended to plead both claims with respect to age and sex.[2] *Eckert*, 514 F.3d at 806.

---

[2] Under Mathews' Count II for "Discrimination/Age," she also asks the Court to "adjudge and decree that Defendants retaliated against Plaintiff in violation of Wal-Mart Policy and the Missouri Human Rights Act, and that said actions by Defendant [were] willful violations of the

4

### a. Whether Plaintiff's claims are timely

Under Missouri law, an individual pursuing a claim of discrimination must file an administrative charge with the MCHR within 180 days of the discriminatory act. *Pollock v. Wetterau Food Distribution Grp.*, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999). Failure to do so bars that discriminatory act from forming the basis of a discrimination claim, unless the claim falls within an exception such as the continuing violation theory. *Id*. "Under the continuing violation theory, a victim of discrimination may pursue a claim for an act occurring prior to the statutory period, if she can demonstrate the act is part of an ongoing practice or pattern of discrimination by her employer." *Plengemeier v. Thermadyne Indus., Inc.*, 409 S.W.3d 395, 401 (Mo. Ct. App. 2013). To survive a motion to dismiss, a Plaintiff (1) "must allege that at least one act occurred within the filing period" and (2) "establish that the disparate treatment is comprised of a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." *Id*.

Defendant claims that all of Plaintiff's claims arising before December 2, 2018 must be dismissed as untimely, because she filed her Charge of Discrimination with the MCHR on May 31, 2019, and therefore any events that occurred in excess of 180 days prior to that date have failed to meet this prerequisite. Mathews responds that the continuing violation theory applies here, and therefore she still has a valid claim based on the events prior to December 2, 2018.

As to the first element, Mathews alleges a discriminatory "coaching" occurred in April 2019, which is within 180 days of the May 31, 2019 Charge. As to the second element, liberally construing all allegations in Mathews' favor, she has claimed that Nannie directed the allegedly

---

Act." Doc. 1-2, p. 8. Because both the Complaint and the MCHR Charge of Discrimination failed to include any factual allegations suggesting Wal-Mart has retaliated against Mathews or a separate Count for a Retaliation claim, the Court will assume this was included in error.

5

discriminatory conduct at Wal-Mart, including on his own through his comments that Mathews "needed to be knocking it out of the park like those young guys in Columbia" and his ignoring of female store managers while engaging in interactions with young male store managers, as well as through his direction of Mathews' supervisor Heissler, who subjected Plaintiff to "baseless coaching decisions and poor evaluations" in 2017, 2018, and 2019. Liberally construing all allegations and drawing all inferences in favor of Mathews, she has made allegations to support the inference that these were a series of interrelated events and therefore the continuing violation theory plausibly could apply here. At this juncture, it would be premature to conclude that any acts before December 2, 2018 should be dismissed as time-barred. Therefore, Defendant's motion to dismiss all claims prior to December 2, 2018 as untimely is denied.

   b. **Discrimination Claims**

First, Defendant claims that Mathews' claims of age and sex discrimination must fail because she has failed to allege that she suffered an adverse employment action. To establish a claim of discrimination under the MHRA, a plaintiff is required to show that "(1) [s]he was a member of a protected class; (2) [s]he was qualified to perform [her] job; (3) [s]he suffered an adverse employment action; and (4) [s]he was treated differently than similarly situated [male] employees." *Carter v. CSL Plasma, Inc.*, 63 F.Supp.3d 1034 (W.D. Mo. 2014) (citing *Ressler v. Clay County*, 375 S.W.3d 132, 141 (Mo.App. W.D. 2012)). "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Clegg v. Arkansas Dep't of Correction*, 496 F.3d 922, 926 (8th Cir. 2007). This might include "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge." *Id*.

Mathews does not appear to dispute that she has failed to allege this type of adverse

6

Case 2:20-cv-04033-NKL   Document 24   Filed 05/11/20   Page 6 of 15

employment action, but rather cites the standard for hostile work environment harassment, and states that "Defendant is attempting to create a much higher standard based on specific working conditions, such as termination, cuts in pay, rather than the cumulative effect of harassment as seen in Missouri law" and that "Plaintiff has stated Defendants' conduct was in line with the overall thinking that they preferred younger male managers, taken cumulatively Plaintiff has shown a cause of action exists." Doc. 14, p. 3. This argument suggests that Mathews only intends to pursue a hostile work environment claim, despite having cited the standard for a gender or age discrimination claim and having only alleged that she experienced a hostile work environment under her sex discrimination claim in Count I and not her age discrimination claim in Count II.

Regardless, the Court finds that to the extent Mathews intended to allege a claim of discrimination based on a discrete adverse employment action, she has failed to state a claim on which relief can be granted here. Mathews has not alleged that she experienced termination, cuts in pay or benefits, changes that affect her future career prospects, or constructive discharge. Even accepting Mathews' allegations as true, negative evaluations or discipline, when unaccompanied by a material change in status or benefits, are insufficient to constitute an adverse employment action. *See, e.g.*, *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013) ("Jackman also asserts that the length of her performance log and the number of coaching and counseling sessions she has endured are materially adverse employment actions. However, Jackman's argument fails because no adverse action has been taken as a result of the longer personnel file."); *Elnashar v. Speedway SuperAmerica*, LLC, 484 F.3d 1046, 1058 (8th Cir. 2007) ("A reprimand is an adverse employment action only when the employer uses it as a basis for changing the terms or conditions of the employee's job for the

7

worse."); *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 992 (8th Cir. 2003) (employer's "papering" file with false allegations of unprofessional conduct was not adverse because no actions were taken as a result of the large employment file). Mathews provides no further factual elaboration on these evaluations or coaching decisions from which the Court could infer an adverse employment action occurred. Even viewed in the light most favorable to Mathews, these allegations are insufficient to support the inference that she experienced an adverse employment action.

Therefore, to the extent that Mathews intended to allege a sex or age discrimination claim based on a discrete instance of discrimination, Defendant's motion to dismiss is granted. The Court need not address Defendant's remaining arguments on these claims.

### c. Hostile Work Environment Claims

Defendant next argues that Mathews' hostile work environment claim must fail, because (1) she has failed to exhaust her administrative remedies on this claim and (2) she fails to sufficiently allege severe and pervasive conduct.

In Missouri, "[a]dministrative remedies will be exhausted as to all incidents that are like or reasonably related to the allegations contained in the charges filed with the MCHR. Furthermore, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 143–44 (Mo. Ct. App. 2012) (internal citations and quotations omitted). The Court "must liberally construe the allegations contained in Appellant's administrative charge in an effort to further the remedial purposes of the MHRA." *Jeffery v. St. Louis Fire Dep't*, 506 S.W.3d 394, 399 (Mo. Ct. App. 2016).

As the Supreme Court has explained, the "very nature" of a hostile work environment

claim "involves repeated conduct" that can "occur[] over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S. Ct. 2061, 2073, 153 L. Ed. 2d 106 (2002). Thus, "[s]uch claims are based on the cumulative effect of individual acts." *Id*. Mathews' charge of discrimination relays a series of events over multiple years, including specific comments, coaching, and negative evaluations as well as a general attitude that favored young, male managers, as perceived by not only Mathews but also other female managers in the region. Taken together and liberally construed in order to achieve the remedial purpose of the MHRA, these allegations were sufficient to put Wal-Mart on notice that an investigation into a claim for hostile work environment "could reasonably be expected to grow out of the charge of discrimination." *Reed*, 363 S.W.3d at 144. Although Defendant claims that Mathews only checked the "Age" and "Sex" discrimination boxes on the Charge of Discrimination form, there was no "Hostile Work Environment" box for Mathews to check. That Mathews failed to check the "Other" box and specifically allege a "Hostile Work Environment" claim is not dispositive so long as the facts she alleged could fairly lead to an investigation of that claim. *See Jeffrey*, 506 S.W.3d at 400 (finding the claims of "disparate treatment" set forth in the plaintiff's Complaint could reasonably be expected to grow out of administrative charge alleging Defendant's promotion test practices had a "disparate impact" because the investigation reasonably could have inquired into how the tests were graded, and whether plaintiff's test was graded in a discriminatory manner).

In *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009), a Missouri Court of Appeals found that a plaintiff's charge of discrimination was sufficient to allege a claim of hostile work environment. However, the Missouri Court of Appeals further

found that "even if we assume for argument's sake that [plaintiff's] charge of discrimination does not set forth a claim for a hostile work environment, it is likely that the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination would include an investigation of whether [plaintiff] was employed in a hostile work environment." *Id*. at 526. Similarly here, even if Mathews' Charge of Discrimination itself did not state a claim for hostile work environment, it is likely the scope of the administrative investigation that would have ensued would have included investigating whether Mathews' workplace was a hostile work environment. This is sufficient to exhaust her administrative remedies on this claim.

Defendant cites to *Ewing v. Fresh Ideas Mgmt. LLC*, No. 4:07CV1068 CEJ, 2007 WL 4210062, at *4 (E.D. Mo. Nov. 27, 2007) to support its claim that an administrative charge stating a disparate treatment claim does not exhaust the remedies as to a hostile work environment claim, but *Ewing* is distinguishable. In *Ewing*, the only wrongful conduct the plaintiff had identified was his wrongful termination and the plaintiff stated the discrimination began and ended on a single day. Here, Mathews' administrative charge recounts multiple instances over a period of years that she alleges occurred on account of her sex and age in the context of an overall environment that favored young, male managers. Similarly, although the Eighth Circuit in *Gipson v. KAS Snacktime Co.* stated that a hostile work environment claim "must be separately raised in the administrative charge, because it is not reasonably related to a claim of a discrete act of discrimination, such as demotion," the Eighth Circuit went on to hold that the Plaintiff's charge of discrimination exhausted his administrative remedies as to a hostile work environment claim because he "clearly alleged a continuing pattern of workplace harassment." *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 229 (8th Cir. 1996). Here, Mathews

10

did not allege a singular instance of a demotion or other discrete event in her charge but rather relays events that occurred over a period of years at the direction of a single individual. Mathews has sufficiently exhausted her administrative remedies as to her hostile work environment claim.

Next, Defendant argues that Mathews has failed to allege conduct that was so severe or pervasive so as to affect a term, condition, or privilege of Mathews' employment. The elements of a hostile work environment claim require that "(1) the plaintiff is a member of a group protected by the MHRA; (2) the plaintiff was subjected to unwelcome protected group harassment; (3) the plaintiff's membership in the protected group was a contributing factor in the harassment; and (4) a term, condition, or privilege of the plaintiff's employment was affected by the harassment." *Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 732 (Mo. Ct. App. 2014). "Discriminatory harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of a [plaintiff's] employment and create an abusive working environment. The conduct must be sufficient to create a hostile work environment, both as it was subjectively viewed by the plaintiff and as it would be objectively viewed by a reasonable person." *Alhalabi*, 300 S.W.3d at 527 (internal citations omitted). "[C]ourts make this determination by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1158 (8th Cir. 1999), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

Viewing both Mathews' Complaint and her Charge of Discrimination, the conduct that she alleges she experienced is: (1) in February 2016, Nannie told Mathews that she "needed to be

11

knocking it out of the park like those young guys in Columbia"; (2) Mathews was the only manager to be subjected to "baseless" coaching decisions in November 2018, January 2019, and April 2019, and a poor evaluation for 2017 and 2018, based on not meeting the metrics for Wal-Mart stores despite many other stores not meeting the same metrics; (3) that Nannie has more personal interactions with younger, male managers and ignores female managers at conventions or group meetings. Mathews contends that she has sufficiently alleged severe and pervasive conduct, because she "has alleged the conduct of Defendant interfered with her work, as she was singled out for reasons not related to work performance." Doc. 14, p. 3. However, even viewing these allegations liberally and in a light most favorable to Mathews, the Complaint does not allege how, if at all, the multiple coachings or poor evaluations through which she was allegedly singled out "unreasonably interfered with her work performance." From the facts alleged, it is unclear what a "coaching" is or whether it had an impact on Mathews' work as a manager. Further, Mathews does not allege any conduct that the Court could interpret to be severe, physically threatening, or humiliating. *See Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (finding plaintiff failed to state a claim for hostile work environment based on sexual harassment, because the seven alleged incidents over a period of three years by two different men, while perhaps "vile or inappropriate," did not involve actual touching and were not all "definitively sexual in nature based on the facts alleged"); *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1027 (8th Cir. 2004) (explaining that "[c]onduct 'must be extreme and not merely rude or unpleasant' before it can be said to have, in an objective sense, affected the terms and conditions of employment").

The only case cited by Mathews, *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1159 (8th Cir. 1999), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d

12

Case 2:20-cv-04033-NKL   Document 24   Filed 05/11/20   Page 12 of 15

1031 (8th Cir. 2011), does not help her case here. In *Breeding*, the Eighth Circuit found that the Plaintiff had failed to demonstrate age-based harassment, because the "two specific age-related comments by supervisors [] (one statement made in 1992 and the other in 1995) were isolated incidents and were not sufficiently derogatory or demeaning to permit a finding that they altered the terms of Ms. Breeding's employment," and while the Plaintiff felt that she was "unfairly criticized and often yelled at," the Eighth Circuit found that "these conditions, while not desirable, do not amount to actionable harassment on the basis of age." *Id*. Although the Eighth Circuit also held that the plaintiff could survive summary judgment on her sexual harassment claim, the plaintiff had presented evidence that her supervisor "fondled his genitals in front of her and used lewd and sexually inappropriate language," and that when she reported it to another supervisor, the supervisor "minimized the conduct [by] stating, 'that is just the way he is.'" *Id*.

Taking into account all of the circumstances as alleged and viewed in a light most favorable to Mathews, she has failed to allege sufficient facts from which the Court could infer that the conduct Mathews experienced was severe or pervasive without resorting to speculation. *See Hoaglin v. Hyvee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 2028559, at *4 (W.D. Mo. May 8, 2019) (plaintiff failed to state a claim under the MHRA, because the Complaint "simply alleges that Defendant reduced Plaintiff's work hours and tormented her at work without providing any factual support such as the frequency of the harassment; its severity; or how, if at all, the harassment interfered with Plaintiff's work performance."); *Cotton v. St. Louis Pub. Sch.*, No. 4:12CV1735 JAR, 2013 WL 308876, at *3 (E.D. Mo. Jan. 25, 2013) (granting motion to dismiss on plaintiff's hostile work environment claim, but granting leave to amend and advising plaintiff that she "should identify all instances of 'intimidation, ridicule, and insult' and also state why she believes that these actions were race-based.")

13

Therefore, Defendant's motion to dismiss Mathews' hostile work environment claims is granted.

### d. Plaintiff's Request for Leave to Amend Her Complaint

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the Court's consent, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15. "However, there is no absolute right to amend and a finding of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend." *Zucker Feather. See Doe v. Cassel*, 403 F.3d 986, 990–91 (8th Cir. 2005) (internal quotations omitted).

Plaintiff requests leave to amend her Complaint in order to address the motion to dismiss. She states that no discovery has occurred, no prejudice exists, and an Amended Complaint would allow the parties to proceed with the merits.

Defendant responds that an amendment would be futile here, because additional facts would not change the fact that there was no adverse employment action to support a claim of sex or age discrimination, and because as a matter of law she failed to exhaust her administrative remedies with respect to her hostile work environment claims. An amendment is futile if the Amended Complaint "could not withstand a motion to dismiss under Rule 12(b)(6)." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

As to Defendant's first objection, at this juncture the Court cannot say whether, if Mathews did intend to allege a sex and age discrimination claim, further elaboration of facts would not demonstrate that an adverse employment action was taken here. As to Defendant's second objection, the Court has already found that Mathews has exhausted her administrative

14

remedies with respect to her hostile work environment claims. In addition, Defendant has not alleged and the Court sees no indication that there has been undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party. At this early stage of litigation, the Court finds that this is an instance when "justice so requires" that leave be given, and therefore Mathews' request to amend her Complaint is granted.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted. However, Mathews' request for leave to file an amended Complaint is also granted. Mathews must file an Amended Complaint within twenty-one (21) days of the date of this Order or her claims will be dismissed with prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 11, 2020  
Jefferson City, Missouri