UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DEANNA MATHEWS,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>        Defendant. | Case No. 2:20-CV-04033-NKL |

**ORDER**

Pending before the Court is Defendant Wal-Mart Associates, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 26. For the reasons stated below, Defendant's Motion is granted.

## I. BACKGROUND

Plaintiff Deanna Mathews has been an employee at Defendant Wal-Mart for twenty-eight years and has been a store manager for the last eight years. Doc. 25 (First Amended Complaint), ¶¶ 4–5. According to her First Amended Complaint, Mathews' immediate supervisor, Market Manager Marsha Heissler, and the store's Regional Vice President, Terry Nannie, discriminated against Mathews on the basis of her sex and her age. *Id*. at ¶¶ 8–9. Mathews claims that all discriminatory acts were directed by Nannie. *Id*. at ¶ 8.

Mathews alleges that examples of the discriminatory conduct include a February 2016 statement by Nannie to Mathews that she "needed to be knocking it out of the park like those young guys in Columbia." *Id*. at ¶ 10(a). Mathews claims that another example of discriminatory

1

conduct is the fact that "only 20 of the 130 stores in Nannie's market are managed by females." *Id.* at 10(b). Mathews also alleges that Nannie "will have multiple interactions with young male store managers while ignoring Plaintiff and other female managers" which Mathews and other employees believe to be "discriminatory as to female and older managers." *Id.* at ¶¶ 30–32.

Mathews was also subject to "baseless coaching decisions and poor evaluations based on not meeting the metrics for Wal-Mart stores[.]" *Id.* at ¶ 11, and she was the only manager to be subject to these decisions despite the fact that "many other stores also received the same or worse metrics," *id.* at ¶ 13. According to Mathews, a "coaching is when a supervisor informs an employee about a perceived or alleged deficiency in the employees work with the goal of improving." *Id.* at ¶ 15. Mathews believes that a coaching remains a part of an employee's record for 365 days and a coaching in the record makes it more difficult to receive a promotion or advancement. *Id.* at 16. She alleges that Wal-Mart illegitimately coached her in 2018 so as to extend the timeframe of her having a coaching in her record, thereby preventing her from promotion or advancement and diminishing her future career prospects. *Id.* at ¶ 18, 22. In August 2019, Mathews "applied for a position at Defendant's St. James Distribution center, which would have included a pay raise, but was not given the position . . . Upon information and belief, Plaintiff was not given the position, and increased salary due to a coaching in her file, and in furtherance of Wal-Mart's harassment, discrimination, and hostile environment of sex and age discrimination." *Id.* at ¶¶ 19–20.

After a poor evaluation in November 2018, Mathews "voiced opposition to the results because the same issues that led to Mathews 'coaching' and 'discipline' were present and occurring in other stores, even to a greater extent, and the evaluation was reversed." *Id.* at ¶ 12. She "continued to receive illegitimate coaching and evaluations through January and April of 2019." *Id.* at ¶ 14. She claims that "age and sex are motivating factors to the discriminatory actions of

Wal-Mart as alleged herein." *Id*. at ¶ 18.

On May 31, 2019, Mathews filed a Charge of Discrimination with the Missouri Commission on Human Rights and Equal Employment Opportunity Commission. Doc. 1-2, ¶¶ 10–11. On December 3, 2019, the MCHR issued Mathews her Right to Sue letter informing her of her right to pursue independent legal action within ninety days. [1] *Id*. at ¶¶ 12–13.

Mathews filed her original Complaint on January 14, 2020 in the Circuit Court of Cole County, Missouri, and Wal-Mart removed the case to federal court on February 28, 2020. Doc. 1. Mathews' First Amended Complaint alleges two counts of discrimination. Count I for "Discrimination/Sex" alleges that Wal-Mart engaged in unlawful employment practices in violation of the MHRA "in that Plaintiff was subject to a hostile environment of sex discrimination which Defendant was aware of and failed to stop or prevent." *Id*. at ¶ 41. Count II for "Discrimination/Age" alleges that Wal-Mart engaged in unlawful employment practices in violation of the MHRA "in that Plaintiff was subject to a hostile environment of age discrimination which Defendant was aware of and failed to stop or prevent." *Id*. at ¶ 50.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a court accepts the factual allegations contained in the complaint as true, and liberally construes the allegations in favor of the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."

---

[1] When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). However, the Court may consider materials necessarily embraced by the Complaint. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Here, Mathews has attached her charge of discrimination filed with the MCHR and the notice of right to sue as exhibits to her Complaint. Therefore, the Court may consider these in ruling on the motion to dismiss.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Although "it is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage," "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

### III. DISCUSSION

In its prior Order on Wal-Mart's first Motion to Dismiss, the Court observed that it was unclear whether Mathews was alleging sex and/or age discrimination claims based on a specific adverse employment action, sex and/or age hostile work environment claims, or a combination of both." Doc. 24, ¶¶ 3–4 (citing *Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 731 (Mo. Ct. App. 2014) (the MHRA prohibition on employment discrimination "includes within its scope discrete claims of discrimination based on a specific adverse employment action and generalized claims of discrimination based on a course of conduct. The latter category of claims is frequently referred to as discriminatory harassment," which includes hostile work environment claims)).

In Mathews' Amended Complaint, she adds an allegation that in August 2019 she applied for a promotion to the St. James Distribution center but was denied "due to a coaching in her file, and in furtherance of Wal-Mart's harassment, discrimination and hostile environment of sex and age discrimination." ¶ 20. At the hearing held on August 27, 2020, however, Mathews' counsel clarified that she was not asserting a discrete failure-to-promote claim and instead only means to pursue hostile work environment claims based on her sex and age. Doc. 34. But she also made clear that she was not alleging that her August 2019 denial of a promotion was part of her hostile work environment claim either. Therefore, the Amended Complaint only adds one more allegation

4

in support of her sexual harassment claim. That allegation is that Mathews received a coaching in 2017 and 2018, a poor evaluation in 2018 which was later reversed, and an unstated number of coachings and evaluations "through January and April of 2019." Doc. 25 ¶ 14.

### a. Hostile Work Environment Claims

The elements of a hostile work environment claim require that "(1) the plaintiff is a member of a group protected by the MHRA; (2) the plaintiff was subjected to unwelcome protected group harassment; (3) the plaintiff's membership in the protected group was a contributing factor[2] in the harassment; and (4) a term, condition, or privilege of the plaintiff's employment was affected by the harassment." *Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 732 (Mo. Ct. App. 2014). "Discriminatory harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of a [plaintiff's] employment and create an abusive working environment. The conduct must be sufficient to create a hostile work environment, both as it was subjectively viewed by the plaintiff and as it would be objectively viewed by a reasonable person." *Alhalabi v. Missouri Dep't of Natural Resources*, 300 S.W.3d 518, 527 (Mo. Ct. App. 2009) (internal citations omitted).

The Court dismissed Mathews' original hostile work environment claims for, among other reasons, failing to allege sufficiently severe and pervasive conduct by her employer. Doc. 24 at 13 ("Taking into account all of the circumstances as alleged and viewed in a light most favorable to Mathews, she has failed to allege sufficient facts from which the Court could infer that the conduct Mathews experienced was severe or pervasive without resorting to speculation."). Her Amended Complaint now adds the allegation that that the sheer number of coachings and evaluations she was subjected to interfered with her work because they made her constantly worry about her job

---

[1] In 2017, the causation standard was changed from "contributing factor" to "motivating factor." RSMo. § 213.101.4 (2017); 213.010(2) (2017); see *Hurley v. Vendtech-SGI, LLC*, 2018 WL 736057, at *3 (W.D. Mo. Feb. 6, 2018).

5

performance. Doc. 25 ¶ 25. The complaint alleges that Mathews received a coaching in 2017 and 2018, a poor evaluation in 2018 which was later reversed, and an unstated number of coachings and evaluations "through January and April of 2019." Doc. 25 ¶ 14. Because this is the only relevant difference between Mathews' original Complaint and her Amended Complaint, this is the only issue the Court need address.

Viewing the facts in the light most favorable to Mathews, the Court finds these coachings and evaluations were too infrequent to create a hostile work environment standing alone. See *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841, 846 (8th Cir. 2006) (allegations of a few isolated or sporadic incidents will not suffice to support a finding severe and pervasive conduct) (internal citations omitted). Further, while Mathews claims that her evaluations were unjustified, she does not describe how she was coached or explain why the coaching was unjustified. Indeed, the 2018 evaluation that was described with some detail, was reversed by Walmart once she challenged it. The Court understands that absent discovery, she might be unable to identify how other managers were treated, but she has firsthand knowledge of the criticisms she was subjected to and could allege why the criticisms were unjustified. Finally, to the extent that coachings and evaluations necessarily entail some level of interference with an employee's work performance, Mathews did not identify how the excess oversight affected her performance except in the most conclusory terms. As to the other conduct alleged in the Complaint, the Court finds it insufficient to support Mathews' hostile work environment claim for the reasons discussed in the Court's prior Order granting Defendant's Motion to Dismiss. Doc. 24 at 11-13.

Taking into account each of these individual acts cumulatively and in the light most favorable to Mathews, Wal-Mart's conduct falls short of what an objective observer would consider "extreme" and as such cannot support a hostile work environment claim. *See Hoaglin v.*

*Hyvee Inc.*, No. 6:18-03262-CV-RK, 2019 WL 2028559, at *4 (W.D. Mo. May 8, 2019) (plaintiff failed to state an MHRA claim where the Complaint "simply alleges that Defendant reduced plaintiff's work hours and tormented her at work without providing any factual support such as the frequency of the harassment; its severity; or how, if at all, the harassment interfered with Plaintiff's work performance.").

For this reason, Mathews has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted under Fed. R. Civ. P. 12(b)(6).

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 2, 2020
Jefferson City, Missouri